UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-62

| | |
|---|---|
| MONIQUE RUE, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>GMAC FINANCIAL SERVICES, NITA )<br>GOODING, LUETTE KANAS, and )<br>VACO CHARLOTTE, LLC (incorrectly )<br>named as Vaco Resources) )<br>)<br>    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Nita Gooding's and Defendant Luette Kanas' Motion to Dismiss Plaintiff's Complaint (Document #17) filed May 13, 2010. Plaintiff did not respond to the motion within the time required by the Federal Rules of Civil Procedure, nor has Plaintiff filed a response as of the date of this Order. This matter is now ripe for disposition.

## I. INTRODUCTION

Plaintiff has sued her former employer Vaco Charlotte, LLC, along with additional defendants GMAC Financial Services, Defendant Nita Gooding and Defendant Luette Kanas ("Individual Defendants"), alleging discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Individual Defendants now ask that Plaintiff's claims against them be dismissed with prejudice because, even assuming Plaintiff's allegations are true, neither Individual Defendant is an "employer" under Title VII of the Civil Rights Act of 1964, as amended, and thus, the Individual Defendants

1

cannot be held liable for any alleged violation under Title VII as a matter of law.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may make a motion to assert a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal is appropriate under Rule 12(b)(6) if it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). "Dismissal must be granted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

## III. ANALYSIS

Dismissal of Plaintiff's causes of action for discrimination as against Individual Defendants is proper because they are not "employers" as defined by Title VII. Whether Individual Defendants were Plaintiff's "employer" under Title VII is a threshold issue that determines whether the Court has subject matter jurisdiction in this case. This determination is a matter of law. *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 261 (4th Cir. 1997). Moreover, the burden of proving subject matter jurisdiction on that basis is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Frank v. England*, 313 F. Supp. 2d 532, 534 (D. Md. 2004). A determination that subject matter jurisdiction is lacking requires that the Complaint be dismissed.

Courts in the Fourth Circuit dismiss employment claims for lack of subject matter

jurisdiction where the defendant was not the plaintiff's employer. Title VII provides, in relevant part, that "[i]t shall be unlawful employment practice for an employer ... to discriminate against any individual with respect to his ... terms, conditions or privileges of employment, because of such individual's ... race." 42 U.S.C. § 200e-2(a). It defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id.* at § 200e(b).

Although the statute does not define the term "agent," it is well established that Title VII's remedial scheme plainly gives rise to employer, rather than individual liability. Accordingly, the Fourth Circuit has long held that supervisors are not liable in their individual capacities for Title VII violations. *See Lissau v. Southern Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998) (foreclosing individual liability to Title VII claims). Courts have also found that there is nothing in Title VII that supports an imposition of supervisory liability based on the "alter ego" doctrine. See, e.g., *Dearth v. Collins*, 441 F.3d 921, 933-34 (11th Cir. 2006).

## IV. CONCLUSION

**THEREFORE,** it is hereby **ORDERED** that Plaintiff's claims against Individual Defendants, Nita Gooding and Luette Kanas, are **DISMISSED WITH PREJUDICE.**

Signed: March 2, 2011

Richard L. Voorhees
United States District Judge