UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-62

| MONIQUE RUE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| GMAC FINANCIAL SERVICES, NITA | ) |
| GOODING, LUETTE KANAS, and | ) |
| VACO CHARLOTTE, LLC (incorrectly | ) |
| named as Vaco Resources) | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Defendant GMAC Financial Services ("GMAC") Motion for Partial Dismissal of the Complaint (Document #19) filed May 13, 2010. Plaintiff did not respond to the motion within the time required by the Federal Rules of Civil Procedure, nor has Plaintiff filed a response as of the date of this Order. This matter is now ripe for disposition.

## I. INTRODUCTION

Plaintiff filed an administrative charge on June 30, 2009 with the Equal Employment Opportunity Commission ("EEOC") claiming race discrimination, but failing to allege retaliation or check the "retaliation" box on the EEOC complaint form. *See* Charge of Discrimination, attached to the Complaint. Plaintiff alleges retaliation for the first time in her Complaint, stating that her former employer, Vaco Charlote, LLC, as well as defendants GMAC Financial Services, Nita Gooding, and Luette Kanas, retaliated against her. Because Plaintiff failed to exhaust her

1

administrative remedies regarding her retaliation claim, Plaintiff is barred from asserting a retaliation claim at this juncture.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may make a motion to assert a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal is appropriate under Rule 12(b)(6) if it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). "Dismissal must be granted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

## III. ANALYSIS

Before Plaintiff has standing to file suit for retaliation under Title VII, Plaintiff must first exhaust her administrative remedies by filing a charge of retaliation with EEOC. Plaintiff's claim of retaliation was not a part of Plaintiff's charge of discrimination filed with the EEOC. Therefore, Plaintiff has failed to exhaust her administrative remedies regarding her retaliation claim.

The exhaustion requirement is meant to preserve judicial economy by barring claims that have not been sufficiently investigated following an EEOC complaint and to protect defendants from having to defend stale claims not stated in a timely filed charge. *Shulze v. Meritor Auto*, 163 F. Supp. 2d 599, 612 (W.D.N.C. 2000). As a universal rule in the Fourth Circuit, "[t]he

allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). Accordingly, a plaintiff's claim generally will be barred when a plaintiff alleges discrimination on one basis–such as race–and he introduces another basis in formal litigation–such as sex. *Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005). At the same time, however, when factual allegations in the EEOC charge are reasonably related to the factual allegations in the formal litigation, there exists a sufficient connection between the charge and the claim. *Id.*

Plaintiff's EEOC charge fails to assert an allegation of retaliation. Plaintiff did not check the box indicating "RETALIATION" on her EEOC charge of discrimination, but merely checked "RACE." Thus, on the face of Plaintiff's EEOC charge of discrimination, Plaintiff has failed to exhaust her administrative remedies as they relate to a charge of retaliation. This Court must now determine whether Plaintiff's claim of retaliation is one that would naturally have arisen from an investigation of the EEOC charge of discrimination. *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). This Court finds that Plaintiff's claim of retaliation is not one that would naturally have arisen from an investigation of Plaintiff's EEOC charge of discrimination. The gravamen of Plaintiff's EEOC charge relates to discrimination based on her race, not to any acts of retaliation. Indeed, the factual allegations in the administrative charge are too vague to support a claim for retaliation. *See Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) (en banc) (no exhaustion of administrative remedies where facts incorporated into the charge, including after-hours phone calls and touching, were too inconclusive to suggest sexual harassment). Accordingly, Plaintiff's claim of retaliation is neither included in her EEOC charge of discrimination, nor does her claim for retaliation

3

naturally arise from the factual allegations in the EEOC charge of discrimination.

Ultimately, the EEOC charge defines the scope of Plaintiff's right to institute a civil suit, and consequently, Plaintiff's claim of retaliation has not been preserved.

## IV. CONCLUSION

**THEREFORE,** it is hereby **ORDERED** that Plaintiff's claim of retaliation is **DISMISSED** due to Plaintiff's failure to exhaust her administrative remedies. Accordingly, Defendant GMAC's Motion for Partial Dismissal of the Complaint (Document #19) is **GRANTED**.

Signed: March 2, 2011

Richard L. Voorhees
United States District Judge