**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**C.A. No: 3:10-CV-00062-MOC -DSC**

| | |
|---|---|
| **MONIQUE RUE,** ) | |
| ) | |
| **Plaintiff,** ) | MEMORANDUM IN SUPPORT OF JOINT |
| ) | MOTION FOR SANCTIONS |
| v. ) | FOR PLAINTIFF'S FAILURE TO |
| ) | COMPLY WITH COURT ORDER AND |
| **ALLY FINANCIAL, INC., VACO** ) | FAILURE TO RESPOND TO DISCOVERY |
| **CHARLOTTE, LLC, NITA GOODING,** ) | REQUESTS PURSUANT TO RULE 37 |
| **and LUETTE KANAS,** ) | |
| ) | |
| **Defendants.** ) | |

NOW COME Defendants Ally Financial, Inc. ("Ally") and Vaco Charlotte, LLC ("Vaco"), by and through their undersigned counsel, and hereby submit this memorandum of law in support of their Joint Motion for Sanctions (pursuant to Rule 37).

**I.    CASE BACKGROUND**

Plaintiff Monique Rue ("Rue") filed the current action on February 16, 2010 against Ally, Vaco, and two individual defendants, alleging racial harassment and retaliation in purported violation of Title VII. Rue did not serve Ally or the individual defendants, but all objections to the absence of a summons or of service were waived on May 13, 2010 in hopes of moving the litigation forward. The individuals both filed their Motion to Dismiss and Ally filed its Partial Motion to Dismiss on May 13, 2010. On March 2, 2011, the Court granted the motions and dismissed the individual defendants entirely as well as Rue's claim of retaliation. The only remaining issue in this litigation is whether Ally and Vaco subjected Rue to unlawful harassment in violation of Title VII.

## II. PROCEDURAL HISTORY - PLAINTIFF HAS EFFECTIVELY ABANDONED THIS LITIGATION AND HAS IGNORED COURT ORDERS

From the very onset, Rue has disregarded her obligations in this litigation. She refused to participate in the mandatory Fed. R. Civ. P. 26(f) conference, despite the undersigned counsels' repeated attempts to work cooperatively with her. The Pretrial Order and Case Management Plan ("Scheduling Order") required the parties to exchange the initial disclosures required by Rule 26(a)(1) by May 2, 2011. Defendants complied with their obligations, but Rue ignored and continues to disregard the Scheduling Order in its entirety.

Further, Vaco and Ally propounded discovery requests to Rue. Her responses were due on June 7, 2011 and June 20, 2011, respectively. Rue has not responded to any extent despite multiple reminders and demands from Defendants that she do so. Having no other recourse, Defendants sought an order to compel discovery and/or for sanctions, including the sanction of dismissal of this action. On August 9, 2011 the Court issued an Order requiring Rue to provide discovery responses within 15 days of the date of the Order. *The Order further warned Rue that failure to comply may result in the imposition of sanctions, which may include Rue being required to pay Defendants' costs, including reasonable attorney's fees and dismissal of the Complaint, with prejudice*.

The deadline has since passed and <u>Rue has continually defied the Orders of this Court</u>. She has left Defendants' discovery requests unanswered and her continued neglect of this litigation severely prejudices Defendants' ability to defend against her allegations. She has not contacted Defendants' counsel since the Court's August 9, 2011 Order or made any other effort to explain her lack of compliance with the Court's Order. Defendants presently move the Court for appropriate sanctions, specifically, dismissal and fees.

## III. DISMISSING THE CASE WITH PREJUDICE IS AN APPROPRIATE SANCTION

Included within the Court's power to compel a party to disclose information or otherwise cooperate in the discovery process is the power to grant sanctions. Under Rule 37, even if the plaintiff appears *pro se*, the court may grant sanctions if the *pro se* litigant's refusal to comply with procedural requirements or court orders warrant such a sanction. *See, e.g., Middlebrooks v. Sebelius*, Civ. Action No. PJM 04-2792, 2009 U.S. Dist. LEXIS 71966 (D. Md. Aug. 13, 2009) (dismissing pro se plaintiff's case pursuant to Rule 37(d)); *Taylor v. Fresh Fields Mkts., Inc.*, Civ. Action No. 94-0055-C, 1996 U.S. Dist. LEXIS 10051 (W.D. Va. June 27, 1996), *aff'd*, 112 F.3d 510 (4th Cir. 1997) (dismissing pro se plaintiff's case pursuant to Rules 37(d) and 41(b)); *Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424 (W.D.N.C. 1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991) (upholding dismissal with prejudice of pro se plaintiff's claim pursuant to Fed. R. Civ. P. 37(b) and (d)). In the case at hand, court orders have warned Rue of the consequences of neglecting this lawsuit and now warrant a sanction of dismissal, with prejudice.

Courts within the Fourth Circuit employ a four-part test for determining whether dismissal is a proper sanction under Rule 37: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *BizProLink, LLC v. Am. Online, Inc.*, 140 Fed. Appx. 459, 462 (4th Cir. 2005).

Applying these factors to the case at hand, it is clear that Rue's failure to act warrants dismissal. Rue has shown bad faith by blatantly ignoring the Court's Order by failing to give initial disclosures or respond to Defendants' requests for discovery. The discovery cutoff date in this matter is September 5, 2011, and with less than a week to go in the discovery period,

Rue has prejudiced Defendants by refusing to provide any required or requested information. Further, ignoring court orders warrants deterrence. The failure to serve initial disclosures and failing to provide written discovery responses - without even attempting to offer justification or excuse - goes to the heart of the litigation process and inhibits a prompt and just resolution of legal disputes. Finally, Rue has demonstrated that less dramatic sanctions will be ineffective. Given Rue's complete disappearance from this case, it is unlikely that any lesser degree of sanction will produce compliance. Dismissal of her suit is the only reasonable sanction given her historical neglect of this matter.

## IV. REQUEST FOR ISSUANCE OF SANCTIONS

Rue's noncompliance represents bad faith and a callous disregard for the authority of this Court. Defendants move the court for the sanction of dismissal, and to order monetary sanctions for the cost of defending this frivolous litigation.

Respectfully submitted, this the 29th day of August, 2011.

**BY DEFENDANTS:**

| JACKSON LEWIS, LLP | BRADLEY ARANT BOULT CUMMINGS, LLP |
|---|---|
| **/s/ Matthew D. Duncan** | **/s/ Michael Griffin** |
| Ted N. Kazaglis, NC Bar No. 36452 | Michael Griffin (N.C. Bar No. 31947) |
| Matthew Duncan, NC Bar No. 35260 | Bank of America Corporate Center |
| 1400 Crescent Green, Suite 215 | 100 N. Tryon Street, Suite 2690 |
| Cary, North Carolina 27518 | Charlotte, NC 28202 |
| Telephone: (919) 854-0044 | (704) 338-6015 (T) |
| Fax: (919) 854-0908 | (704) 332-8858 (F) |
| E-mail: kazaglis@jacksonlewis.com | Email: mgriffin@babc.com |
| Email: duncanm@jacksonlewis.com | |
| *Attorneys for Defendants Ally Financial, Inc., Nita Gooding, and Luette Kanas* | **J. Craig Oliver (*admitted pro hac vice*)** |
| | Roundabout Plaza |
| | 1600 Division Street, Suite 700 |
| | Nashville, TN 37203 |
| | (615) 252-2310 (T) |
| | (615) 252-6310 (F) |
| | Email: coliver@babc.com |
| | *Attorneys for Defendant Vaco Charlotte, LLC* |

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

C.A. No: 3:10-CV-00062-MOC-DSC

| | |
|---|---|
| **MONIQUE RUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| **ALLY FINANCIAL, INC., VACO** ) | |
| **CHARLOTTE, LLC, NITA GOODING,** ) | |
| **and LUETTE KANAS,** ) | |
| ) | |
| **Defendants.** ) | |

I hereby certify that I electronically filed the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SANCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties as follows:

> Michael Griffin (N.C. Bar No. 31947)
> Bank of America Corporate Center
> 100 N. Tryon Street, Suite 2690
> Charlotte, NC 28202
> Email: mgriffin@babc.com
>
> J. Craig Oliver (admitted pro hac vice)
> Roundabout Plaza
> 1600 Division Street, Suite 700
> Nashville, TN 37203
> Email: coliver@babc.com
> *Attorneys for Defendant Vaco Charlotte, LLC*

and I hereby certify that I have mailed by First Class Mail the documents to the following non-CM/ECF party, *pro se* plaintiff addressed as follows:

> Monique Rue
> 5137 Grays Ridge Drive
> Charlotte, NC 28269

Respectfully submitted, this the 29th day of August, 2011.

                                        **/s/ *Matthew D. Duncan***
Ted N. Kazaglis, Bar No. 36452
Matthew Duncan, Bar No. 35260
*Attorneys for Defendant Ally Financial, Inc.*
*Nita Gooding, and Luette Kanas*
JACKSON LEWIS LLP
1400 Crescent Green, Suite 215
Cary, North Carolina 27518
Telephone: (919) 854-0044
Fax: (919) 854-0908
E-mail: kazaglis@jacksonlewis.com
Email: duncanm@jacksonlewis.com

4827-1599-6170, v. 1