# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-CV-62-MOC-DSC

| | |
|---|---|
| MONIQUE RUE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALLY FINANCIAL, INC. AND VACO )<br>CHARLOTTE, LLC, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND**<br>**RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Joint Motion for Sanctions for Plaintiff's Failure to Comply with Court Order and Failure to Respond to Discovery Requests Pursuant to Rule 37," Doc. 36, and "Memorandum in Support. . .," Doc. 37, both filed August 29, 2011. The pro se Plaintiff has not responded to the subject Motion and the time for filing a response has expired.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered Defendants' Motion and supporting brief, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion for Sanctions be **GRANTED**, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2011, the Court issued a "Memorandum and Order," Doc.35, granting in part and denying in part Defendants' Motion to Compel, Doc. 33. The Court ordered Plaintiff to respond

to Defendant Ally's First Set of Interrogatories and Request for Production of Documents and Defendant Vaco Charlotte LLC's First Set of Interrogatories and Request for Production of Documents within fifteen days. In that Order the Court warned Plaintiff that,

> [F]ailure to respond to Defendants' First Set of Interrogatories and Request for Production of Documents as ordered below or failure to respond to any other of Defendants' reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff being required to pay Defendants' costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint <u>with prejudice</u>**.

Doc. 35 (emphasis in original).

On August 29, 2011, Defendants filed the instant Motion stating that the Court's deadline had passed and that Plaintiff has not answered their discovery requests and "has not contacted Defendants' counsel since the Court's August 9, 2011 Order or made any other effort to explain her lack of compliance with the Court's Order." Doc. 37 at 2. Plaintiff did not respond to this Motion.

## II. <u>DISCUSSION</u>

Dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the District Court. <u>See</u> Fed. R. Civ. P. 37(b)(2)(C); <u>National Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 643 (1976); <u>Mutual Fed. Sav. & Loan v. Richards & Assocs.</u>, 872 F.2d 88, 92 (4th Cir. 1989); <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 504-04 (4th Cir. 1977). Rule 37 of the Federal Rules of Civil Procedure provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,] [which] may include . . . dismissing the action or proceeding[.]" Fed. R. Civ. P. 37(b)(2). Before dismissing a case pursuant to Rule 37, courts in the Fourth Circuit are required to consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance

caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mut. Fed. Sav. & Loan Assn, 872 F.2d at 92.

Applying these legal principles, the Court concludes that dismissal for failure to comply with a court order is the appropriate remedy for Plaintiff's disregard of the Court's Order dated August 29, 2011, Doc. 35, and her refusal to prosecute this action in an appropriate manner.

Plaintiff has demonstrated bad faith by ignoring the Court's Orders and failing to comply with Defendants' discovery requests. The discovery deadline set by this Court was September 5, 2011. Plaintiff has refused to participate in the discovery process. The Court must deter failure to participate in the discovery process. As stated by the Fourth Circuit, "not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Mut. Fed. Sav. & Loan Assn., 872 F.2d at 92 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir.1977)). Moreover, violating a court order to respond to discovery requests without even attempting to offer justification or excuse undermines this Courts ability to manage this case effectively. Id. at 93 (conduct such as stalling and ignoring direct orders of the court must obviously be deterred).

In light of Plaintiff's inaction, the Court finds that any sanction short of dismissal would be ineffective in this case. The Court has already ordered Plaintiff to respond to Defendants' discovery requests and has warned her that failure to respond may result in dismissal of her case. Undeterred by this warning, Plaintiff did not respond to Defendants' discovery requests. Under these circumstances, the Court finds that further warnings would be futile. See Viswanathan v. Scotland County Bd. Educ., 165 F.R.D. 50 (M.D.N.C. 1995) (case dismissed after explicit warning from court

that further non-compliance would result in dismissal), aff'd by 76 F.3d 377 (table), 1996 WL 36916 (4th Cir. Jan. 31, 1996)); Green v. John Chatillon & Sons, 188 F.R.D. 422 (M.D.N.C. 1998) (same). Based on these reasons, the undersigned respectfully recommends that Defendants' Motion for Sanctions be granted and Plaintiff's Complaint be dismissed with prejudice.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Joint Motion for Sanctions for Plaintiff's Failure to Comply with Court Order and Failure to Respond to Discovery Requests Pursuant to Rule 37," Doc. 36, be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to comply with the Court's Order dated August 9, 2011 and failure to prosecute this action.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins,

766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: September 16, 2011

David S. Cayer
United States Magistrate Judge